## BARIE v. SUPERIOR TANNING CO.
### No. 46 C 1656.

United States District Court
N. D. Illinois, E. D.
Nov. 29, 1948.

Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich., Soans, Pond & Anderson and William E. Anderson, all of Chicago, Ill. (John M. Kisselle and Robert A. Choate, both of Detroit, Mich., of counsel), for plaintiff.

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill., Charles H. Howson, Sr., and Charles H. Howson, Jr., both of Philadelphia, Pa., and Edward C. Grelle, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This action involves the validity and infringement of Claims 3 and 4 of Patent No. 1,751,464 issued to Walter A. Beck in 1930, and of Claims 2–6 of Patent No. 2,102,667 issued to George M. Argabrite in 1937. Plaintiff holds title to the two patents as trustee. Defendant set up three defenses to the complaint, namely (a) Lack of infringement; (b) Invalidity of the patents on the grounds of prior art and lack of invention; (c) Misuse of the patents by attempting unlawfully to secure a monopoly of unpatented devices. Issue having been joined a trial of the cause was had upon its merits.

The patents in suit relate to the drying of leather, and more particularly to methods for drying leather wherein hides or skins are pasted to the surface of a board or plate which is then caused to pass through a heated drying chamber where the skins are thoroughly dried on the boards or plates.

In the Beck patent, drying boards are placed upon a suitable supporting table and skins to be dried are pasted to the upper side of each board, after which the board is turned over and a second skin is pasted upon the reverse side of the board. The board, with skins pasted on its opposite sides, is then hung upon a conveyor which carries the loaded board to a second conveyor which carries the boards with the skins thereon through a heated drying chamber. As the boards with the dried skins thereon approach the end of the

course of the second conveyor the dried skins are stripped from the boards by an attendant, and the bare boards are then transferred again to the first conveyor which returns the boards to the starting point. Here the boards are bodily removed from the conveyor for washing and scrubbing to remove any dried adhesive and skin particles left on the board from the previous drying operation. After the boards have been washed and scrubbed, fresh skins to be dried are pasted on opposite sides of the boards as previously described, and the cycle repeated.

The Argabrite patent covers essentially the leather drying process described in the Beck patent, except that in Argabrite the drying boards or plates are not removed from the closed track circuit on which the boards move, but are washed, and fresh skins pasted thereon, while the boards remain in a vertical position suspended from the track.

It is clear from the evidence that defendant set out to, and actually did, copy the processes described in the Beck and Argabrite patents. However, it is my opinion that the claims of these patents here in suit are invalid for lack of patentable invention. The only step in the entire process which reveals novelty and the requisite attributes of invention is the method of pasting hides on a board for drying purposes. That particular feature of the process was established in Schmidt No. 1,-118,813 issued in 1914. The remaining elements, i. e., forced air drying and the continuous, vari-speed conveyor, were merely adaptations by a skilled mechanic of the prior art as revealed in Fernow No. 237,969, Routt No. 1,346,339, Logan No. 1,876,066, Ohlson No. 2,067,981, and Ayres No. 1,464,348 and others. Admittedly, the adaptation was ingenious, but it lacked the essence of invention.

"'Perfection of workmanship, however much it may increase the convenience, extend the use, or diminish expense, is not patentable.' Reckendorfer v. Faber, 92 U.S. 347, 23 L.Ed. 719. The principle of the Hotchkiss case applies to the adaptation or combination of old or well known devices for new uses. (Citing cases). That is to say the new device, however useful it may be, must reveal the flash of creative genius not merely the skill of the calling. If it fails, it has not established its right to a private grant on the public domain." Cuno Engineering Corp. v. Automatic Devices Corp., 1941, 314 U.S. 84, 62 S.Ct. 37, 40, 86 L.Ed. 58.

The evidence adduced indicates to me that the plaintiff was employing the Beck and Argabrite patents for the purpose of selling nonpatentable devices. However, in view of the above holding of invalidity, it is unnecessary to make a determination of the defense of contributory infringement asserted by the defendant.

Therefore, Claims 3 and 4 of Patent No. 1,751,464, and Claims 2 to 6, inclusive, of Patent No. 2,102,667 are declared invalid for lack of invention, and the cause will be dismissed at plaintiff's cost.

Counsel for the defendant may prepare and file with the Court, in writing, within twenty days from the date hereof, proposed findings of fact, conclusions of law, and a draft of a proposed decree, consistent with the views herein expressed, delivering copies thereof to counsel for the plaintiff. Within twenty days of the receipt of such copies, counsel for the plaintiff may prepare and file with the Court, in writing, his observations with reference thereto and suggestions for the modification thereof, delivering a copy of such observations and suggestions to counsel for the defendant. Within ten days thereafter counsel for the defendant may present to the Court, in writing, his reply to such observations and suggestions. Whereupon, the matter of making findings of fact, conclusions of law and a decree herein will be taken by the Court without further argument.